## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:14CV532-RJC-DSC

| | |
|---|---|
| LINDA N. CARR, ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| v. ) | |
| ) | |
| W.R. STARKEY MORTGAGE, ) | |
| LLP, et. al., ) | |
| ) | |
| Defendants, ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant Hutchens, Senter, Kellam & Pettit, P.A.'s "Motion to Dismiss" (document #18) filed December 9, 2014; Defendant Bank of America, N.A. and Mortgage Electronic Registration Systems' "Motion to Dismiss" (document #23) filed December 15, 2014; and Defendant W.R. Starkey Mortgage, LLP's "Motion to Dismiss" (document #30) filed January 21, 2015; as well as the parties' associated briefs and exhibits. See documents ##19, 24, 25, 26, 29, 31 and 32.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

This matter involves the foreclosure of a deed of trust on real property located at 7528 Monarch Birch Lane in Charlotte, North Carolina. The Complaint alleges that on January 23, 2009, Plaintiff executed a promissory note to W.R. Starkey Mortgage, LLP in the principal amount of $131,948.00 (the "Note") to purchase the property. The Note was secured by a Deed of Trust.

The Note was later indorsed to Countrywide Bank, FSB and then to Defendant Bank of America, N.A. ("BANA").

A foreclosure action was initiated against Plaintiff, and on December 3, 2013, an Assistant Clerk of Superior Court for Mecklenburg County issued an Order Allowing Foreclosure (the "Order") of the Property in accordance with N.C. Gen. Stat. § 45-21.16.

Plaintiff perfected an appeal of the Order Allowing Foreclosure pursuant to N.C. Gen. Stat. §45-21.16 by filing a Notice of Appeal of the Order of Foreclosure and posted a bond to stay the foreclosure sale. On January 21, 2014, Plaintiff filed a Motion to Dismiss.

On March 3, 2014, both the Appeal and the Motion to Dismiss were heard by Mecklenburg County Superior Court Judge H. William Constangy, Judge Constangy denied Plaintiff's Motion to Dismiss and dismissed Plaintiff's Appeal, therein issuing an Order Allowing Foreclosure Sale. Plaintiff did not appeal from this Order.

On September 26, 2014, Plaintiff filed her Complaint which contains a series of allegations that taken in the aggregate challenge the validity of the Note.

Plaintiff's Complaint is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the Clerk's Order, Judge Constangy's Order, or the underlying foreclosure proceeding, the Rooker-Feldman

doctrine bars Plaintiff's action.

**ORDER**

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Hutchens, Senter, Kellam & Pettit, P.A.'s "Motion to Dismiss" (document #18), Defendant Bank of America, N.A. and Mortgage Electronic Registration Systems' "Motion to Dismiss" (document #23), and Defendant W.R. Starkey Mortgage, LLP's "Motion to Dismiss" (document #30) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>,

109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to counsel for the remaining parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 4, 2015

David S. Cayer
United States Magistrate Judge