# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-532-RJC-DSC

| | |
|---|---|
| LINDA N. CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| W.R. STARKEY MORTGAGE, LLP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Linda N. Carr's ("Plaintiff") Motion to Vacate Judgment and Order on Memorandum and Recommendation (the "Motion"). (Doc. No. 36).

## I. BACKGROUND

Plaintiff filed her Complaint in this action on September 26, 2014, which contained a series of allegations that taken in the aggregate challenge the validity of a promissory note Plaintiff executed to purchase real property. (Doc. No. 1). The property had been subject to foreclosure, and the North Carolina Superior Court, Mecklenburg County, issued a final order dismissing Plaintiff's appeal of the Order of Foreclosure and allowing the foreclosure sale to proceed. (Doc. No. 19-9). The defendants each filed Motions to Dismiss Plaintiff's Complaint. (Doc. Nos. 18, 23, 30). On February 4, 2015, the Magistrate Judge entered a Memorandum and Recommendation ("M&R") recommending that the defendants' Motions to Dismiss be granted and the Complaint be dismissed with prejudice. After a thorough and sound evaluation of the evidence, the Magistrate Judge determined that Plaintiff's Complaint was barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. No

party filed objections to the M&R, and after a full and careful review of the M&R, this Court entered its Order adopting the M&R, granting the defendants' Motions to Dismiss, and dismissing Plaintiff's Complaint with prejudice (the "Order") on May 19, 2015. (Doc. No. 34). Plaintiff did not appeal the Order; however, on June 18, 2015, Plaintiff filed the instant Motion to Vacate. (Doc. No. 36). No defendant has filed objections to Plaintiff's Motion and the time for doing so has expired. The Motion is ripe for adjudication.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff requests that the Court vacate its Order and the final judgment in this case. Plaintiff alleges that the Court has perpetrated a fraud by entering its Order dismissing her Complaint.

Rule 60(b)(3) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The United States Court of Appeals for the Fourth Circuit has "set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)). "After proof of these elements, 'the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case.'" Id. (quoting Square Constr. Co., 657 F.2d at 71). Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional

circumstances. <u>McLawhorn v. John W. Daniel & Co., Inc.</u>, 924 F.2d 535, 538 (4th Cir. 1991) (quoting <u>Compton v. Alton Steamship Co., Inc.</u>, 608 F.2d 96, 102 (4th Cir. 1979)).

Plaintiff's Motion fails on each element. Through her Complaint in federal court, Plaintiff sought to attack the state court's order allowing the foreclosure proceeding. Such a claim is clearly barred by the <u>Rooker-Feldman</u> doctrine, and Plaintiff has offered no meritorious defense. Next, Plaintiff has not provided any evidence of misconduct, much less clear and convincing evidence. Finally, Plaintiff was given every procedural opportunity to prosecute her case, and she was not prevented from fully doing so. Consequently, the Court must deny Plaintiff's Motion.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Vacate Judgment and Order on Memorandum and Recommendation, (Doc. No. 36), is **DENIED**.

Signed: October 19, 2015

Robert J. Conrad, Jr.
United States District Judge